UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ALYSIA DUNCAN AND SYDNEE FRITZ, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED,<br><br>PLAINTIFFS,<br><br>V.<br><br>DERBY WINGS, LLC D/B/A HOOTERS,<br><br>DEFENDANT. | CASE NO.: 4:21-CV-73 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Alysia Duncan and Sydnee Fritz bring this action, on their own behalf and on behalf of those similarly situated, against Derby Wings, LLC d/b/a Hooters for violation of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and in support of their claims show as follows:

### INTRODUCTION

Beginning around March 2021, the Hooters restaurant operated by Defendant reassigned its former manager to another restaurant, and the Lafayette, Indiana restaurant came under new management. Either the new management arrived and fired the kitchen staff, or the kitchen staff experience significant attrition after the departure of the old manager. Instead of replacing the kitchen staff, or performing the kitchen duties themselves, Defendant's managers required that the servers cook food and wash dishes. This continued from March 2021 until approximately September 2021. Despite the fact that these young women were required to perform cooking and dishwashing duties which are not customarily tip-producing and not within the penumbra of "side work" typically done by a server, Hooters continued to pay them only the tip credit wage of $2.13 per hour. This condition affected Duncan and Fritz, in addition to other servers at Defendant's Lafayette,

Indiana location, who were underpaid by $5.13 per hour for each hour that Defendant continued to take the tip credit wage despite the servers' actual duties disqualifying the lawful use of the tip credit wage.

## PARTIES

1. Duncan is an individual who resides in Howard County, Indiana.
2. At the times relevant to this action, Duncan was employed by Defendant.
3. Fritz is an individual who resides in Tippecanoe County, Indiana.
4. At the times relevant to this action, Fritz was employed by Defendant.
5. Derby Wings, LLC is a Georgia limited liability company with its principal office in Atlanta, Georgia.
6. At the times relevant to this action, Derby Wings operated the Hooters restaurant in Lafayette, Indiana.
7. At the times relevant to this action, Derby Wings was Duncan's employer within the meaning of the FLSA, 29 U.S.C. §203(d).
8. At the times relevant to this action, Derby Wings was Fritz's employer within the meaning of the FLSA, 29 U.S.C. §203(d).

## JURISDICTION AND VENUE

9. This Court properly has jurisdiction over Plaintiffs' claims under 28 U.S.C. §1331 because Plaintiffs are asserting claims arising under federal law, specifically, the Fair Labor Standards Act.
10. This Court is a proper venue for Plaintiffs' claims under 28 U.S.C. §1391 because a substantial portion of the acts or omissions giving rise to Plaintiffs' claims occurred within this district, and because Defendant may be found within this district.

## FLSA COVERAGE

11. Defendant is an employer within the meaning of the FLSA, 29 U.S.C. §203(d).

12. Defendant was an enterprise engaged in commerce or in the production of goods for commerce, inasmuch as Defendant had employees who handled, sold, or otherwise worked on goods or materials that have moved or been used in interstate commerce, and has annual gross volume of sales in excess of $500,000.00.

13. Plaintiffs, and those similarly situated, are employees within the meaning of the FLSA, 29 U.S.C. §203(e)(1)

## FACTUAL ALLEGATIONS

14. Duncan and Fritz, and those similarly situated (together, "Employees), worked for Defendant as servers[1].

15. Defendant paid the Employees the tip credit wage of $2.13 per hour.

16. In approximately February or March of 2021, Defendant's old manager at the Lafayette Indiana Hooters restaurant was re-assigned to a different Hooters restaurant.

17. In approximately March 2021, Defendant assigned new managers to the Lafayette, Indiana Hooters restaurant.

18. Either when the old manager was reassigned or when the new managers began at the Lafayette, Indiana Hooters restaurant, the kitchen staff experienced significant attrition.

19. Defendant's managers did not promptly hire new kitchen staff.

20. Instead, beginning in approximately March 2021, Defendant required the Employees to cook and wash dishes.

21. The cooking and dishwashing duties imposed upon the Employees was beyond customary "side work" commonly expected of servers.

---

[1] Defendant officially refers to the position as "Hooter Girl;" Plaintiffs will instead use the term "server."

22. Despite the Employees protests, Defendant required them to continue performing cooking and dishwashing duties well in excess of 20 percent of Employees' total work.

23. At least some of the Employees, in some weeks, worked in excess of 40 hours in single workweeks, but were not paid at one-and-one-half their appropriate hourly rates.

24. Defendant's managers interfered with Defendant's timekeeping system.

25. Employees' time was not accurately recorded because of the interference with Defendant's timekeeping system.

26. Because of the inaccurate timekeeping due to Defendant's failure to maintain a working timekeeping system, Employees were not paid the minimum wage for each hour that they worked.

27. The Employees' uncompensated hours include overtime hours.

### COLLECTIVE ACTION FACTUAL ALLEGATIONS

28. Defendant maintained a policy, pattern, practice, or plan by which employees were not paid the minimum wage.

29. Specifically, Defendant maintained a policy, pattern, practice, or plan whereby employees were paid only the tip credit wage despite the tip credit wage not being applicable.

30. Defendant maintained a policy, pattern, practice, or plan by which employees were not paid one and one-half times their regular rates for hours in excess of 40 in single workweeks.

31. Upon Plaintiffs' information and belief, this policy, pattern, practice or plan was not unique to Plaintiffs, but affected others servers employed by Defendant at the Lafayette, Indiana Hooters restaurant.

32. Upon Plaintiffs' information and belief, Plaintiffs and other employees employed by Defendant at the Lafayette, Indiana Hooters restaurant are similarly situated in that they

were subjected to the same policy, pattern, practice or plan by which they were not paid the minimum wage.

33. Upon Plaintiffs' information and belief, Plaintiffs and other employees employed by Defendant at the Lafayette, Indiana Hooters restaurant are similarly situated in that they were subjected to the same policy, pattern, practice or plan by which they were not paid one and one-half times their regular rates for hours in excess of 40 in single workweeks.

### COUNT I: VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

34. Defendant failed to pay Plaintiffs, and those similarly situated, the minimum wage for their hours worked.

35. Defendant has harmed Plaintiffs, and those similarly situated, by its unlawful conduct.

### COUNT II: VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

36. Defendant failed to pay Plaintiffs, and those similarly situated, at the rate of one-and-one-half times their regular rate for hours worked in excess of 40 in single workweeks.

37. Defendant has harmed Plaintiffs, and those similarly situated, by its unlawful conduct.

### PRAYER FOR RELIEF

**WHEREFORE** Plaintiffs, on their own behalf and on behalf of those similarly situated, demand relief as follows:

1. Employees' unpaid minimum wage;
2. Employees' unpaid overtime wages;
3. Liquidated damages;
4. An order enjoining Defendant from further violations of the FLSA;
5. An order awarding Plaintiffs' attorney's fees;
6. An order awarding the costs of this action;
7. An order awarding all other relief this Court deems necessary and proper in the premises.

/s/ Jason R. Ramsland
Jason Ramsland, #29443-29
Ramsland Law
8520 Allison Pointe Blvd Ste 223
PMB 65298
Indianapolis, Indiana 46250-4299
765.267.1240
jason@rams.land
Attorney for Plaintiffs

### DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable.

/s/ Jason R. Ramsland
Jason R. Ramsland (#29443-29)